

# UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 141 Church Street<br>New Haven, CT 06510<br>(203) 773-2140 | 450 Main Street<br>Hartford, CT 06103<br>(860) 240-3200 | 915 Lafayette Blvd<br>Bridgeport, CT 06604<br>(203) 579-5861 |

### NOTICE TO COUNSEL AND SELF-REPRESENTED PARTIES

The attached case has been assigned to Senior District Judge Vanessa L. Bryant, who sits in Hartford. Pursuant to Local Rule 3 any pleading or other document to be filed in paper form shall be filed at the seat of Court where the presiding Judge sits.

Counsel and Self-Represented Parties are required to become familiar with and abide by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Connecticut and Standing Orders regarding scheduling in civil cases and the filing of trial memoranda.

Counsel and Self-Represented Parties are alerted to the requirements of Fed. R. Civ. P. 26(f) and Local Civil Rule 26, which require that the parties conduct a case management planning conference and prepare and file a report of the conference on Form 26(f) which appears in the Appendix to the Local Rules

Counsel and Self-Represented Parties are hereby notified that failure to file and serve a memorandum in opposition to a motion, within 21 days after the motion is filed, may be deemed sufficient cause to grant the motion. Failure to file and serve a memorandum in opposition to a motion to dismiss within 21 days after the motion is filed may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. See D. Conn. L. Civ. R. 7(a)2.

Counsel and Self-Represented Parties are further notified that they are required to comply with requirements relating to Motions for Summary Judgment as set forth in Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56.

Counsel and Self-Represented Parties are further advised that they may request a referral of their case to a United States Magistrate Judge for disposition. See 28 U.S.C. 636 and Rule 73 of the Local Rules for United States Magistrate Judges.

Robin D. Tabora, Clerk

Rev 3-3-2021



# **ORDER RE: DISCLOSURE STATEMENT**

**Any nongovernmental corporate party to an action in this court shall file a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock. A party shall file the statement with its initial pleading filed in the court and shall supplement the statement within a reasonable time of any change in the information.**

**Counsel for plaintiff(s) or removing defendant(s) shall be responsible for serving a copy of this order upon all parties to the action.**

Rev 3-3-2021



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**<u>NOTICE TO PARTIES REGARDING DISCOVERY DISPUTES</u>**

The standard scheduling order that Judge Bryant enters in cases before her provides as follows: "All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 860-240-3123."

Parties seeking to confer with Judge Bryant telephonically regarding discovery disputes must comply with the following prerequisites:

1. **Counsel for parties to discovery disputes must jointly contact Judge Bryant's chambers to set up a date and time for the telephone conference. Except in extraordinary circumstances, Chambers staff will not entertain a request to schedule a telephonic conference unless counsel for all parties to the discovery dispute are on the telephone when the request is made to Chambers so that a mutually agreeable date and time for the conference can be selected at that time. Counsel must specify the legal and factual basis of the dispute.**

2. **Before contacting Chambers to schedule a telephonic discovery conference, counsel for parties to any discovery dispute are required by Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy. A good faith effort requires the objecting party to state the legal basis and authority for any objection. All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Judge Bryant interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations. At the outset of the telephonic discovery conference, Judge Bryant will require counsel for each party to the discovery dispute to certify orally that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.**

3. **Before seeking a telephonic conference, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge Bryant and inform Chambers of those issues at the time the telephonic conference is scheduled. If the parties cannot in goodfaith**

agree upon the issues to be raised with Judge Bryant, they shall so notify Chambers when they request a telephonic discovery conference.

4. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the "discovery request"), counsel for the party who served the discovery request at issue will, immediately following the telephone call requesting the conference, provide Chambers via facsimile with a copy of the particular discovery request at issue and the opposing party's written response to that particular request. Judge Bryant does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue. Before faxing a copy of the disputed request(s) and response(s) to Judge Bryant, counsel for the party seeking to fax the disputed request must inform Chambers of counsel's intent to fax Judge Bryant a copy of the disputed request.

5. Other than the request at issue, and a concise statement of the applicable legal argument and legal authority, Judge Bryant does not require, and does not want, counsel for the parties to provide her with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute. If Judge Bryant requires briefs or other papers, she will establish a briefing schedule during the telephonic discovery conference.

6. Counsel should agree in advance on which party will be responsible for instituting the telephonic discovery conference. Counsel should not contact Judge Bryant's Chambers until counsel for all parties to the discovery dispute are on the telephone. Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.

**Revised 5/3/10**



# UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

### JOINT TRIAL MEMORANDUM ORDER

### FOR THE HONORABLE VANESSA L. BRYANT

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local Civil Rules of the United States District Court for the District of Connecticut (D. Conn. L. Civ. R.10) and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. In addition to electronically filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments. If the memorandum is not electronically filed, a copy of the memorandum on a 3 ½ inch computer diskette should also be sent to chambers. The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party. Individual memoranda may not be filed.

The Joint Trial Memorandum shall contain the following information:

(1)     TRIAL COUNSEL: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. Trial counsel must attend the Final Pretrial Conference in person, unless excused in advance by the Court for good cause.

(2)     JURISDICTION: Counsel shall set forth the basis for federal jurisdiction.

(3)     JURY/NON-JURY: Counsel shall state whether the case is to be tried to a jury or to the court.

(4)     LENGTH OF TRIAL: Counsel shall set forth a realistic estimate of trial days required to present evidence based on the expected length of testimony for each witness on both direct and cross-examination.

(5)     FURTHER PROCEEDINGS: Counsel shall specify, with reasons, any further proceedings required prior to trial (e.g., Daubert hearing).

(6)     NATURE OF CASE: Counsel shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses and the relief sought.

(7)     TRIAL BY MAGISTRATE JUDGE: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

**(8) EVIDENCE:** Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.

    **(a) Witnesses:** Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae. Counsel shall deliver a Witness List to the Courtroom Deputy.

    Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility. All objections and the opposing party's responses thereto should be sufficiently detailed to permit the Court to rule upon the objection.

**NOTE:** Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.

    **(b) Exhibits:** Counsel shall attach a list of all exhibits to be offered at trial, including a brief description of their contents. The parties shall mark all exhibits alpha-numerically, with exhibit tags (which will be provided by the clerk's office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "A." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibits and numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. On the date that the Joint Trial Memorandum is submitted, counsel shall deliver to Judge Bryant two (2) sets of all exhibits placed in a three-ring binder with a copy of the exhibit list and summary at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list and summary pursuant to Local Civil Rule 83(6)(b). The summary shall clearly demarcate the exhibits as to which there are objections.

    Any objection to the admissibility of any exhibit must also be stated in a separate subsection of this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility. All

objections and the opposing party's responses thereto should be sufficiently detailed to permit the Court to rule upon the objection.

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

    **(c)    Deposition Testimony:** Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript that each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along with the Joint Trial Memorandum. On this master copy of the deposition transcript, counsel should highlight or box in the sections of the deposition designated by the parties (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will constitute waiver, except for good cause shown.**

**(9)    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:** Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

    **(a)    Bench Trial:** Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense. Except under unusual circumstances, post-trial briefing will not be permitted. Any pre-trial memoranda that any party wishes the Court to consider must be filed no later than ten (10) days prior to the date trial commences.

    **(b)    Jury Trial:** The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

        **(1) Proposed Voir Dire Questions:** Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 5 days before jury selection.

        **(2) Proposed Jury Instructions:** The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach (and also include on the diskette (if applicable) requests for jury instructions, citing relevant legal authority for each proposed

instruction. Counsel are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection. Counsel shall certify that they have made a good faith effort to resolve their differences.

(3) **Proposed Joint Verdict Form:** Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette (if applicable) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette) ten (10) days prior to the date trial commences.

(4) **Brief Description of Case and Parties:** Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

(10) **ANTICIPATED EVIDENTIARY PROBLEMS:** Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems. Counsel shall also separately file all motions in limine on the docket on the same date that the Joint Trial Memorandum is submitted. All memoranda in opposition to any motion in limine must be filed within ten (10) days of the date on which the Joint Trial Memorandum is filed and in any event no later than three (3) days before the Final Pretrial Conference, otherwise the Court shall deem the motion in limine unopposed and grant it.

      SO ORDERED.

      /s/ Vanessa L. Bryant Senior
      United States District Judge

**Revised 4/26/10**