UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISAAK OLSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:21-CV-01631 (VLB) |
| | : | |
| ALEJANDRO MAYORKAS, KARL L. | : | |
| SCHULTZ, and WILLIAM G. KELLY | : | |
| In their official capacities, | : | |
| | : | MARCH 14, 2022 |
| Defendants. | : | |

## ANSWER TO COMPLAINT

Defendants Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Karl L. Schultz, in his official capacity as Commandant of the United States Coast Guard; and William G. Kelly, in his official capacity as Superintendent of the United States Coast Guard Academy ("Coast Guard Academy" or "the Academy") (collectively, "Defendants"), hereby answer the individually numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:[1]

1.     Defendants deny the allegations in paragraph 1 except to admit that Plaintiff was disenrolled from the Coast Guard Academy and not permitted to obtain a degree or commission as an officer because he had incurred parental obligations while he was a cadet.

2.     Defendants deny the allegations in paragraph 2 except to admit that, under the Regulations for the Corps of Cadets (RCC), SUPINST M5215.2N (Spring

---

[1] Defendants do not incorporate herein the headings and subheadings from the Complaint, to which no response is required. Any omission of a response to a heading or subheading is not to be construed as an admission.

1

2019), "[a] cadet may not have any maternal or paternal obligation or responsibility at the time of appointment nor while enrolled as a cadet," and that "[a] cadet who incurs a maternal or paternal obligation may resign, be disenrolled, or may apply for a hardship resignation to return upon resolution of parental responsibilities." RCC, SUPINST M5215.2N § 2-D-4.b(7).

3.      Defendants deny the allegations in paragraph 3, except to admit that Plaintiff was disenrolled from the Academy because he incurred a paternal obligation while enrolled as a cadet.

4.      The statements in paragraph 4 consist of Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is deemed required, deny.

5.      Defendants deny the allegations in paragraph 5, except to admit that, under RCC, SUPINST M5215.2N § 2-D-4.b(7), "[a] cadet may not have any maternal or paternal obligation or responsibility at the time of appointment nor while enrolled as a cadet," and that "[a] cadet who incurs a maternal or paternal obligation may resign, be disenrolled, or may apply for a hardship resignation to return upon resolution of parental responsibilities."

6.      To the extent the allegations in paragraph 6 concern the policies of the military that do not apply to the Coast Guard Academy,  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegation. Defendants deny the remainder of the allegations in paragraph 6, except to admit that under RCC, SUPINST M5215.2N § 2-D-4.b(7), "[a] cadet may not have any maternal or paternal obligation or responsibility at the time of appointment nor

while enrolled as a cadet."

7.    Deny.

8.    The statements in paragraph 8 consist of Plaintiff's characterization of this action and legal conclusions, to which no response is required.  To the extent a response is deemed required, deny.

9.    The statements in paragraph 9 consists of Plaintiff's conclusions of law as to jurisdiction, to which no response is required.

10.    Paragraph 10 consists of Plaintiff's conclusions of law as to the relief sought, to which no response is required.

11.    Paragraph 11 consists of Plaintiff's conclusions of law as to venue, to which no response is required.

12.    Admit.

13.    The statements in paragraph 13 consist of Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is deemed required, admit.

14.    The statements in paragraph 14 consist of Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is deemed required, admit.

15.    The statements in paragraph 15 consist of Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is deemed required, admit.

16.    Admit.

17.    Defendants admit that admission into the Academy is highly

3

competitive.  Defendants deny the allegations in the second sentence of paragraph 17, except to admit that the Academy typically offers more than 300 appointments, but fewer than 300 cadets typically matriculate, each year.

18.     Defendants admit that graduates of the Academy earn a bachelor's degree and a commission as an Ensign in the Coast Guard.  Defendants deny the remainder of the allegations in the first sentence of paragraph 18.  Defendants object to the allegations in the second sentence as too vague to admit or deny; but to the extent a response is deemed required, Defendants admit that graduates have access to unique opportunities within the military and outside the military.

19.     Admit.

20.     Admit.

21.     The statements in paragraph 21 consist of Plaintiff's characterization of RCC SUPINST M5215.2N § 2-D-4.b(7), to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that regulation for a complete and accurate statement of its contents and deny any characterization inconsistent with the regulation.  Defendants otherwise admit that RCC SUPINST M5215.2N § 2-D-4.b(7) provides that "[a] cadet may not have any maternal or paternal obligation or responsibility at the time of appointment nor while enrolled as a cadet."

22.     Admit.

23.     The statements in paragraph 23 consist of Plaintiff's characterization of RCC SUPINST M5215.2N § 2-D-4.b(7), to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to

4

that regulation for a complete and accurate statement of its contents and deny any characterization inconsistent with the regulation.  Defendants otherwise admit that under RCC SUPINST M5215.2N § 2-D-4.b(7), "[a] cadet who incurs a maternal or paternal obligation may resign, be disenrolled, or may apply for a hardship resignation to return upon resolution of parental responsibilities.  Pregnancy past fourteen (14) weeks will be considered an obligation and will be applicable to both prospective parents."

24.    The statements in paragraph 24 consist of Plaintiff's characterization of regulations, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents and deny any characterization inconsistent with the regulations.  Defendants otherwise admit that under RCC SUPINST M5215.2N § 2-D-4.b(7), "[a] cadet who incurs a maternal or paternal obligation may resign, be disenrolled, or may apply for a hardship resignation to return upon resolution of parental responsibilities.  Pregnancy past fourteen (14) weeks will be considered an obligation and will be applicable to both prospective parents."  Defendants admit further that under RCC SUPINST M5215.2N § 3-I-1.c(1), "[c]adets who are pregnant, have pending parental responsibilities, or have incurred the obligations of parenthood" may "[r]equest a hardship resignation to give birth and/or resolve matters of parental responsibility.  The cadet may apply for reinstatement after parental responsibility is resolved by submitting a certified court document or other legal documentation authorized by state, district, or territorial law certifying that he/she has no dependents and/or obligations of

parenthood or that he/she has irrevocably surrendered his/her parental rights and obligations."

25.    Admit.

26.    Admit.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 27. Defendants admit that Plaintiff accepted an offer of placement in the Academy.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    Admit.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.    Defendants admit that Plaintiff received positive marks on his Cadet Evaluation Reports prior to the spring semester of his third year.  Defendants admit further that after a decline in his second-semester GPA, Plaintiff's GPA rose through his fifth semester.  Defendants admit the allegations in the third sentence.

32.    Admit.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36.  As to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff believed about the Academy's expectations.  The remainder of the allegations in paragraph 36 are Plaintiff's characterization of RCC § 2-D-4(b)(7), to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that regulation for a complete and accurate statement of its contents and deny any characterization inconsistent with the regulation.  Defendants otherwise admit that under the regulations in effect during 2013 and 2014, RCC, SUPINST M5215.2 (Spring 2011, Update 7), § 2-4-04.b.7, "[a] cadet who incurs a maternal or paternal obligation may resign, be disenrolled, or may apply for a hardship resignation to return upon resolution of parental responsibilities."

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff understood to be the consequences of resignation or disenrollment or what is "commonly believed" about recoupment amounts.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff understood about the requirements for readmission following a hardship resignation and what he would have to prove.  The remainder of the statements in paragraph 38 consist of Plaintiff's characterization of a regulation, which no response is required.  To the extent a response is deemed required, Defendants deny.

39.     Deny.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's hoped-for interpretations of RCC § 2-D-4(b)(7).  The remainder of the allegations in paragraph 40 are Plaintiff's characterization of RCC provisions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents and deny any characterization inconsistent with the regulations.

41.     Defendants admit that Plaintiff did not immediately disclose Ms. Galindo's pregnancy to his chain of command.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 42.  Defendants admit the allegations in the second sentence.

43.     Defendants admit that Plaintiff's child was born on August 11, 2013, and that Plaintiff returned to the Academy after that date to begin his final year a cadet.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 43.

44.     Defendants deny the allegations in the first sentence of paragraph 44. Defendants admit the allegations in the second sentence, except to deny that Plaintiff took on any "additional" responsibilities beyond those expected of a First Class Cadet.   Defendants admit the allegations in the third, fourth, and fifth

sentences of paragraph 44.

45.     Admit.

46.     Defendants object to the allegations in the first sentence of paragraph 46 as too vague to admit or deny; but to extent a response is deemed required, deny.  Defendants admit that Plaintiff disclosed on the Outside Continental United States screening application that he was a parent.

47.     Defendants admit the allegations in the first sentence of paragraph 47. Defendants deny the allegations in the second sentence.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendants admit that Plaintiff delivered a notarized affidavit from Ms. Galindo to his chain of command.   Defendants deny the allegations in paragraph 49 to the extent they suggest that the affidavit satisfied any requirements under the RCC for Plaintiff to remain at the Academy.   The remainder of the statements in paragraph 49 consist of Plaintiff's quotation of the affidavit, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the affidavit, which will be included in the administrative record, for a complete and accurate statement of its contents and deny any characterization inconsistent with the contents of the affidavit.

50.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Admit.

52.     Defendants admit that Plaintiff submitted a written appeal to the

Assistant Commandant for Human Resources (CG-1).

53.     Defendants admit that Plaintiff collected statements from his military chain of command and advisors. The remainder paragraph 53 consist of Plaintiff's characterization of those statements, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to those statements, which will be contained in the administrative record, for a complete and accurate representation of their contents and deny any characterization inconsistent with those statements.

54.     Defendants admit that Plaintiff submitted his own statement to the Superintendent.  The remainder of paragraph 54 consist of Plaintiff's characterization of his statement, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's statement, which will be contained in the administrative record, for a complete and accurate representation of its contents and deny any characterization inconsistent with that statement.

55.     Admit.

56.     Admit.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57. The second sentence consists of Plaintiff's characterization of a document, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the document, which will be contained in the administrative record, for a complete and accurate statement of its contents and

deny any characterization inconsistent with the document.

58.     Defendants admit the allegations in the first sentence of paragraph 58. The second sentence consists of Plaintiff's characterization of a document, to which no response is required.   To the extent a response is deemed required, Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents and deny any characterization inconsistent with the document.

59.     Defendants deny the allegations in paragraph 59, except to admit that Plaintiff was disenrolled from the Academy because he incurred a paternal obligation while enrolled as a cadet.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Defendants admit the allegations in the first sentence of paragraph 61. As to the allegations in the second sentence, Defendants admit that under RCC, SUPINST M5215.2 (Spring 2011, Update 7), § 2-4-04.b.8, "[a] cadet who marries . . . shall be disenrolled."   Defendants object to the remainder of the allegations in the second sentence as too vague to admit or deny; but to the extent a response is deemed required, deny.

62.     Defendants admit that on May 28, 2014, the Academy notified Plaintiff that RCC, SUPINST M5215.2 (Spring 2011, Update 7), § 2-4-04.b.8 had been waived so that he could marry his fiancé and that Plaintiff married on June 7, 2014.

63.     Admit.

64.     Defendants deny that enlistment as an E-3 was Plaintiff's sole option

to continue service after his disenrollment.  Defendants admit that Plaintiff enlisted as an E-3 on June 24, 2014, which was the same day as his disenrollment.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Defendants admit the allegations in the first sentence of paragraph 67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations the second and third sentences in paragraph 67.

68.     Defendants admit that Plaintiff became an Aviation Maintenance Technician but deny that becoming an Aviation Maintenance Technician constituted a "promotion."   Defendants admit the remaining allegations in paragraph 68.

69.     Defendants admit that on June 22, 2017, Plaintiff applied to the Coast Guard Board for Correction of Military Records (BCMR) to request that his military records be revised.  The remainder of the allegations in paragraph 69 consist of Plaintiff's characterization of his application, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the application, which will be contained in the administrative record, for a complete and accurate statement of its contents. Defendants further deny that the Academy's disenrollment decision was unlawful for any of the reasons asserted in Plaintiff's application, his Complaint, or for any other reason.

70.     The statements in paragraph 70 consist of Plaintiff's description of the

contents of his application, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the application, which will be contained in the administrative record, for a complete and accurate statement of its contents.  Defendants further deny that the Academy's disenrollment decision was unlawful for any of the reasons asserted in Plaintiff's application, his Complaint, or for any other reason.

71.    Defendants admit that Plaintiff's application was denied by the BCMR in a decision dated August 23, 2018, and that Plaintiff was notified of the decision on August 31, 2018.  The second sentence of paragraph 71 refers to a document that speaks for itself, and therefore no answer is required.  Defendants respectfully refer the Court to that document referenced in paragraph 71 for a complete and accurate statement of its contents.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Defendants admit that Academy cadets who are disenrolled for being parents and who are otherwise still able to serve may choose between recoupment and enlistment.

74.    Admit.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Admit.

77.    Admit.

78.    Defendants admit that Plaintiff, as an E-3, earns less pay and Basic

Allowance for Housing (BAH) than an officer stationed at the same location would earn. Defendants deny the remainder of the allegations in the first sentence of paragraph 78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 78.

79.     Defendants object to the allegations in paragraph 79 as too speculative to admit or deny. To the extent a response is deemed required, deny.

80.     Deny.

81.     Defendants admit that Plaintiff cannot become a senior officer without a commission but deny that he cannot become a senior officer without a diploma. Defendants admit further that, as long as Plaintiff is enlisted as a Coast Guardsman, his career advancement is limited to the rank of E-9, and that officers rank higher than enlisted members of the Coast Guard.

82.     Defendants object to the allegations in paragraph 82 as too vague and speculative to admit or deny. To the extent a response is deemed required, deny.

83.     Defendants object to the allegations in paragraph 83 as too speculative to admit or deny. To the extent a response is deemed required, deny.

84.     The statements in the first sentence of paragraph 84 consist of legal arguments or conclusions to which no response is required. To the extent a response is deemed required, deny. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff will be asked in the future.

85.     Deny.

86.     Deny.

87.     Deny.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Deny.

90.     Deny.

91.     Deny.

92.     Deny.

93.     Deny.

94.     Admit.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Defendants object to the allegations concerning Plaintiff's "experience" as too vague to admit or deny.  To the extent a response is deemed required, deny.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what current and former faculty members are aware of.  Defendants deny the remainder of the allegations in paragraph 97.

98.     Defendants admit that past Academy regulations have not always automatically required resignation or disenrollment of cadets who become parents.

99.     The first sentence of paragraph 99 consist of Plaintiff's characterization of the 1977 amendment, to which no response is required.  To the

15

extent a response is deemed required, Defendants respectfully refer the Court to that regulation for a complete and accurate statement of its contents and deny any characterization inconsistent with the regulation.  Defendants otherwise admit that the 1977 amendments provide for a process whereby a Board considers pregnancy and parenthood cases and makes a recommendation,  and "[t]he Superintendent may approve disenrollment and termination of cadet status." 1977 amendment §1-4-01.  Defendants further admit that, under the 1977 amendment §5-3-25, "each case will be examined on an individual basis by the Superintendent with the primary consideration being the cadet's ability to carry out the full range of academic, professional, military, and physical training requirements of the Coast Guard Academy."  Defendants admit further that the process has changed. Defendants lack knowledge or information to form a belief as to the truth of the allegation that this was the first time the Academy published or adopted a restriction on pregnancy and parenthood.

100.    Deny.

101.    Admit.

102.    Admit.

103.    Paragraph 103 consists of legal conclusions and legal argument, to which no response is required.  To the extent a response is required, deny.

104.    Defendants deny the allegations in paragraph 104 to the extent they suggest that an enlisted Coast Guardsman is permitted to have an unlimited number of dependents without a waiver.  Defendants admit the remainder of the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105 to the extent they suggest that a Coast Guard officer is permitted to have an unlimited number of dependents without a waiver.  Defendants admit the remainder of the allegations in paragraph 105.

106.    Deny.

107.    Defendants deny the allegations in paragraph 107 to the extent they suggest that a Coast Guard officer candidate attending Officer Candidate School is permitted to have an unlimited number of dependents without a waiver. Defendants admit the remainder of the allegations in paragraph 107.

108.    Deny.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Defendants deny the allegations in the first sentence of paragraph 111 that the Academy has made an "assumption."  The statements in the first sentence otherwise consist of arguments or conclusions, to which no response is required. To the extent a response is deemed required, deny.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

112.    Deny.

113.    Deny.

114.    Defendants admit that women were not permitted to enroll in the

Academy until 1976. Defendants lack knowledge or information to form a belief as to the truth of the allegation that the Academy published or adopted a restriction on pregnancy and parenthood for the first time in or around 1976.

115.   Defendants admit that Don't Ask Don't Tell applied to the Academy prior to its repeal in 2011.

116.   Paragraph 116 consists of arguments, to which no response is required. To the extent a response is deemed required, deny.

117.   The statements in paragraph 117 consist of Plaintiff's characterization of Academy regulations, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the court to those regulations for a complete and accurate statement of their contents, and deny any characterization inconsistent with the regulations.

118.   Defendants admit that the Academy currently maintains regulations prohibiting marriage and domestic partnerships. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations pertaining to other military institutions' regulations in paragraph 118.

119.   Defendants deny the premise underlying the assertions in paragraph 119 that any applicable Academy regulations, which apply regardless of gender, are founded on stereotypes and otherwise lack knowledge or information sufficient to form a belief as to the truth of this sentence. The second sentence of paragraph 119 consist of arguments concerning "assumptions" about parents and women with children in the military and "in society," and are not factual allegations directed at Defendants, and therefore no response is required. To the extent a

18

response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence.

120.    The statements in paragraph 120 consist of Plaintiff's characterization of a statute enacted in 1948, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents and deny any characterization inconsistent with the statute. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    The statements in the first sentence of paragraph 121 consist of Plaintiff's characterizations of Plaintiff's characterization of Executive Order 10240, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents and deny any characterization inconsistent with the Executive Order.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 121.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Defendants lack knowledge or information to form a belief as to the truth of the allegation that the Academy published or adopted a restriction on pregnancy and parenthood for the first time in or around 1976.

124.    Paragraph 124 consists of arguments and conclusions, to which no response is required.  To the extent a response is deemed required, deny.

**First Claim**

125. Defendants repeat and replead the answers set forth in responses to the preceding paragraphs.

126. Paragraph 126 consists of legal conclusion, to which no response is required.

127. Paragraph 127 consists of legal conclusion, to which no response is required.

128. Deny.

129. Deny.

130. Deny.

**Second Claim**

131. Defendants repeat and replead the answers set forth in responses to the preceding paragraphs.

132. Paragraph 132 consists of legal conclusion, to which no response is required. To the extent a response is deemed required, admit.

133. Paragraph 133 consists of legal conclusion, to which no response is required. To the extent a response is deemed required, admit.

134. Defendants lack knowledge or information to form a belief as to the truth of the allegation that the Academy published or adopted a restriction on pregnancy and parenthood for the first time in or around 1976. Defendants admit that women were admitted to the Academy for the first time in 1976.

135. Deny.

136. Deny.

137.    Paragraph 137 consists of legal conclusion, to which no response is required.

138.    Paragraph 138 consists of legal conclusion, to which no response is required.

139.    The first sentence of paragraph 139 consists of legal argument and conclusion, to which no response is required.  To the extent a response is deemed required, deny that policies "similar" to the Academy's  have been found to violate the Fifth Amendment.   Defendants deny the allegations in the second sentence of paragraph 139.

140.    Deny.

**Requests for Relief**

141.    Paragraphs 1-5 constitute Plaintiff's requests for relief, to which no response is required.   To the extent a response is deemed required, deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    Plaintiff is not entitled to attorney's fees or costs.

2.    Plaintiff's claims of entitlement to a degree and commission or similar forms of relief are non-justiciable.

3.    Plaintiff is not entitled to damages, back pay, or other forms of monetary relief under the doctrine of sovereign immunity.

4.    During the course of this litigation, Defendants may discover facts that support one or more of the affirmative or additional defenses set forth in Federal Rule of Civil Procedure 8(c), and in order to avoid waiving said defenses,

Defendants hereby incorporate them by reference.

Defendants deny all allegations in Plaintiff's Complaint that Defendants have not otherwise answered herein.   Wherefore, having answered, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice and awarding Defendants costs and other such relief as the Court may deem appropriate.

DEFENDANTS,
ALEJANDRO MAYORKAS,
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY;
KARL L. SCHULTZ, COMMANDANT,
U.S. COAST GUARD;
WILLIAM G. KELLY,
SUPERINTENDENT, U.S. COAST
GUARD ACADEMY

By Their Attorneys:


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

LEONARD C. BOYLE
United States Attorney
District of Connecticut

ANTHONY J. COPPOLINO
Deputy Director
Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW
(Ohio Bar No. 96662)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

Phone: (202) 514-3259
Email:  kyla.snow@usdoj.gov

JILLIAN  R. ORTICELLI (ct28591)
Assistant  United States Attorney
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Fax: (203) 821-5373
Email:  Jillian.Orticelli@usdoj.gov